# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. ROSE, JR., and CONCIATA GABRIELA ROSE, : | |
| Plaintiffs : | CIVIL ACTION NO. 1:11-0323 |
| v. : | (CONNER, D.J.) |
| : | (MANNION, M.J.) |
| HEATHER ROBERTS, Esquire, MARK GRIM, JR., Court : Administrator Adams County, HONORABLE JUDGE RICHARD : RENN, York County, | |
| : | |
| Defendants | |
| : | |

## REPORT AND RECOMMENDATION[1]

On February 17, 2011, the plaintiff filed the instant *pro se* civil rights action on behalf of himself and his minor daughter. (Doc. No. 1). On February 23, 2011, the plaintiff filed a motion to proceed *in forma pauperis*. (Doc. No. 3).

Upon review, the plaintiff's complaint centers around a custody dispute in which the plaintiff is involved with respect to the minor plaintiff named above. The essence of the complaint is that he and his minor daughter have been discriminated against by the defendants based upon their race. In his original filing, the plaintiff alleges that the above minor child is "a black child," who resides with "her mother . . . and her all white family." The plaintiff alleges

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

that the minor child is being "isolated from society and is forbidden to have any contact with her black family in the normal sense as she does with her white family." According to the plaintiff's complaint, defendant Roberts was appointed by Judge Bigham of the Adams[2] County Court of Common Pleas to represent the minor child's interests in the custody proceedings. The plaintiff alleges that defendant Roberts is prejudiced against black people and is trying to turn the minor child against her black family.

The plaintiff alleges that defendant Grim was sought out by Judge Bigham to transfer the plaintiff's custody case from Adams County to defendant Renn's court in York County. In addition, the plaintiff alleges that defendant Grim set up a custody conference and hearing before Judge Renn without the plaintiff's permission, which he alleges was a violation of his civil rights.

The plaintiff alleges that defendant Renn previously stripped him of all parental rights without first having had a hearing or opportunity to be heard. Apparently, the plaintiff alleges that defendant Renn had a part in allowing the minor to be home schooled rather than attend a public school, which the plaintiff alleges is detrimental to her.

To state a claim under §1983, the plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured

---

[2]Apparently, the case began in Adams County and was later transferred to York County.

by the Constitution or laws of the United States. 42 U.S.C. § 1983; Morse v. Lower Merion School District, 132 F.3d 902 (3d Cir. 1997); Maine v. Thiboutot, 448 U.S. 1 (1980). Moreover, liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(citing Rhode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

With respect to defendant Roberts, the court-appointed attorney representing the minor plaintiff in the custody proceedings, he is entitled to dismissal of this civil rights action on the ground that it fails to state a claim, because lawyers, typically, are not "state actors." "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of §1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981). Moreover, court-appointed counsel, public defenders, and investigators employed by a public defender are absolutely immune from civil liability under §1983 when acting within the scope of their professional duties. Black v. Bayer, 672 F.2d 309, 317 (3d Cir. 1982), *abrogation on other grounds recognized in*, D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364 (3d Cir.1992). Therefore, the plaintiff's complaint should be dismissed with respect to defendant Roberts.

Moreover, with respect to defendant Grim, the Court Administrator for

Adams County, to the extent that the instant action is brought against him in his official capacity, the action is barred by the Eleventh Amendment. Dougherty v. Snyder, 2011 WL 292236, at **12-13 (M.D.Pa. 2011) (Caldwell, J.) (associate court administrator sued in her official capacity is entitled to Eleventh Amendment immunity) (citing Ball v. Hartman, 2010 WL 146319, at *6 (M.D.Pa. Jan. 11, 2010) (Kane, J.); Galvani v. Pennsylvania, 329 F. App'x 344, 346 (3d Cir. 2009) (per curiam) (nonprecedential) ("District Court Administration of York County" was entitled to Eleventh Amendment immunity)). In addition, in his individual capacity, defendant Grim is entitled to quasi-judicial immunity from damages. Id. (citing Ball v. Hartman, supra; Erb v. Sullivan, 2010 WL 4922732, at *4-5, (M.D.Pa. Sept. 10, 2010) (Mannion, J.) (court administrator entitled to quasi-judicial immunity for answering questions regarding the "call of the list"), *approved by* 2010 WL 4919068). Therefore, the plaintiff's complaint should also be dismissed with respect to defendant Grim.

Finally, with respect to defendant Renn, he too is entitled to Eleventh Amendment immunity on any claims brought against him in his official capacity. Dougherty v. Snyder, supra (York County Court of Common Pleas Judge entitled to Eleventh Amendment immunity on official capacity claims) (citing Benn v. First Judicial District, 426 F.3d 233, 241 (3d Cir.2005)). Further, in his individual capacity, defendant Renn is entitled to absolutely immunity. Id. (citing Mireles v. Waco, 502 U.S. 9, 12). "A judge will not be

4

deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Id. (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (internal citation omitted)). Therefore, the plaintiff's complaint should also be dismissed with respect to defendant Renn.

Because allowance to amend any claims with respect to the above defendants would be futile, the court recommends dismissal of the plaintiff's complaint with prejudice.

As a final matter, the court notes that the plaintiff has pending a motion to supplement his complaint to include additional facts and to add a defendant. With respect to this motion, as already stated, it would be futile to allow the plaintiff to include in his complaint any additional facts with respect to the defendants set forth above. Moreover, the defendant which the plaintiff wishes to add is Beverly Boyd, the Adams County Prothonotary. For the reasons set forth above, claims against Ms. Boyd in her official capacity would be barred by the Eleventh Amendment. Moreover, in her individual capacity, Ms. Boyd would be entitled to quasi-judicial immunity. Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969) (holding that prothonotary was immune from suit).

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the plaintiff's motion to proceed *in forma pauperis*, **(Doc. No. 3)**, be **GRANTED**;

**(2)** the plaintiff's complaint, **(Doc. No. 1)**, be **DISMISSED**; and

**(3)** the plaintiff's motion to supplement his complaint and add a defendant, **(Doc. No. 5)**, be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** March 17, 2011

O:\shared\REPORTS\2011 Reports\11-0323-01.wpd